# United States District Court
## For The District of Wyoming

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2014 JAN 27 PM 3 02
STEPHAN HARRIS, CLERK
CHEYENNE

UNITED STATES OF AMERICA,

vs.

MICHAEL J. PLAKE

AMENDED[1] JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: 12-CR-81-1F/13-CR-20-1F

Sean Hays Barrett
Defendant's Attorney

THE DEFENDANT having pled guilty to Counts 1 and 2 of the Indictment filed in docket no. 12-CR-81-1F and counts 3 - 15 of docket no. 12-CR-81-1f having been dismissed upon motion of the United States and having pled guilty to Count 1 of the Indictment filed in docket no. 13-CR-20-1F.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. 1349 | Conspiracy to Commit Mail and Wire Fraud | 1/24/2012 | 1 (12-CR-81-1F) |
| 18 U.S.C. 1956(h) | Conspiracy to Commit Money Laundering | 1/24/2012 | 2 (12-CR-81-1F) |
| 18 U.S.C. 1349 | Conspiracy to Commit Mail and Wire Fraud | 1/24/2012 | 1 (13-CR-20-1F) |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within thirty (30) days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: 12401-091

May 6, 2013
Date of Imposition of Sentence

_Nancy Freudenthal_
Nancy D. Freudenthal,
Chief United States District Judge

January 27, 2014

---

[1] Final restitution figures were not available until the Sentencing of co-defendant, Paul Cardwell, on January 27, 2014. The final figures reflected a change in the amount due so this Amended Judgment was prepared to accurately reflect the correct restitution amount due and owing.

DEFENDANT: Michael J. Plake  Judgment-Page 2 of 7
CASE NUMBER: 12-CR-81-1F/13-CR-20-1F

Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of thirty (30) months, concurrent on all counts in both cases.

The Court makes the following recommendations to the Bureau of Prisons: that the defendant be designated to a facility nearest to his family in West Lafayette, Indiana such as Terra Haute.

The defendant is shall report to the facility designated by the Bureau of Prisons by 3:00 p.m. on Friday, June 21, 2013 or to the nearest United States Marshal facility for transport.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
Deputy Marshal

DEFENDANT: Michael J. Plake  Judgment-Page 3 of 7
CASE NUMBER: 12-CR-81-1F/13-CR-20-1F

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years per count, to be served concurrently.

The defendant shall report to the probation office in the district to which the Defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. Mandatory drug testing is waived in this matter.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

While on supervised release, the defendant shall not use or possess a firearm, ammunition, dangerous weapons or destructive device. Supervised release shall be revoked for possession of a firearm.

The defendant shall make special assessment, fine and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not incur any new debt or credit without permission of the U.S. Probation Officer.

The defendant shall provide full financial disclosure to the U.S. Probation Officer, including detailed documentation of income and expenses.

The defendant shall cooperate with the Internal Revenue Service and file tax returns timely and lawfully pay any back taxes, penalty and interest as determined by the Internal Revenue Service, and provide copies of tax returns to his U.S. Probation Officer.

DEFENDANT: Michael J. Plake  Judgment-Page 4 of 7
CASE NUMBER: 12-CR-81-1F/13-CR-20-1F

---

Any employment shall be subject to the prior approval of the U.S. Probation Officer.

The defendant shall submit his person, residence, office or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition. A computer is defined at 18 U.S.C. 1030(e) and includes, but is not limited to, traditional computers (Apple/Linux-based machines), cell phones, tablets, gaming machines and related accessories. If a computer is searched, the defendant agrees the equipment may be removed for thorough inspection or investigation.

The defendant shall complete a mental health evaluation and complete any recommendations as directed, including the use of prescription medications as recommended.

The defendant shall participate in a cognitive-behavioral treatment regimen that may include, but is not limited to, Moral Reconation Therapy, Cognitive Thinking, Thinking for a Change, or Interactive Journaling. He shall actively participate in treatment until successfully discharged or until the U.S. Probation Officer has excused the defendant from the treatment regimen.

DEFENDANT: Michael J. Plake  
CASE NUMBER: 12-CR-81-1F/13-CR-20-1F

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Michael J. Plake  Judgment-Page 6 of 7
CASE NUMBER: 12-CR-81-1F/13-CR-20-1F

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 1 (12-CR-81-1F) | $100.00 | $1,698,664.77 (concurrent on all counts) | $0.00 |
| 2 (12-CR-81-1F) | $100.00 | $0.00 | $0.00 |
| 1 (13-CR-20-1F) | $100.00 | $0.00 | $0.00 |
| **Totals:** | $300.00 | $1,698,664.77 (concurrent on all counts) | $0.00 |

## FINE AND/OR RESTITUTION

The fine and/or restitution includes any costs of incarceration and/or supervision. The fine, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than Two Thousand Five Hundred Dollars ($2,500.00), unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The restitution in this matter is to be paid joint and several with the co-defendant, Paul Cardwell (12-CR-81-2F).

DEFENDANT: Michael J. Plake  
CASE NUMBER: 12-CR-81-1F/13-CR-20-1F

Judgment-Page 7 of 7

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

> In full immediately. Any balance not paid immediately or through the Inmate Financial Responsibility Program shall be paid beginning sixty (60) days following release from confinement, in monthly installments of not less than Five Hundred Dollars ($500.00) or 50% of his monthly gross income whichever is greater. All monetary obligations shall be satisfied no less than sixty (60) days prior to the expiration of the term of supervised release.
>
> Payments for monetary obligations shall be made payable by cashier's check or money order to the Clerk, U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, and shall reference the defendant's case number, 12-CR-81-1F/13-CR-20-1F.

All financial penalty payments are to be made to the Clerks Office, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.