FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2014 JAN 28  AM 10 54
STEPHAN HARRIS, CLERK
CHEYENNE

# United States District Court
## For The District of Wyoming

| | |
|---|---|
| UNITED STATES OF AMERICA, | AMENDED¹ JUDGMENT IN A CRIMINAL CASE |
| vs. | |
| PAUL D. CARDWELL | CASE NUMBER: 12-CR-81-2F/13-CR-254-1F |
| | James Voyles<br>Defendant's Attorney |

THE DEFENDANT having pled <u>guilty to Counts 1 and 2 of the Indictment</u> filed in 12-CR-81-2F and <u>guilty to Count 1 of the Indictment</u> filed in 13-CR-254-1F and Counts 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15 of the Indictment filed in 12-CR-81-2F are dismissed upon Motion of the United States.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. 1349 | Conspiracy to Commit Mail and Wire Fraud | 9/25/2011 | 1 (12-CR-81-2F) |
| 18 U.S.C. 1956(h) | Conspiracy to Commit Money Laundering | 9/25/2011 | 2 (12-CR-81-2F) |
| 18 U.S.C. 1349 | Conspiracy to Commit Mail and Wire Fraud | 10/31/2009 | 1 (13-CR-254-1F) |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within thirty (30) days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

**Defendant's USM No: 12400-091**

January 27, 2014
Date of Imposition of Sentence

Nancy D. Freudenthal,
Chief United States District Judge

---

¹ Defendant's name had a typographical error in the title. Paul D. Carewell properly amended to reflect the correct name of defendant, Paul D. Cardwell.

DEFENDANT: Paul D. Cardwell  
CASE NUMBER: 12-CR-81-2F/13-CR-254-1F

Judgment-Page 2 of 7

_January 28, 2014_  
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred twenty-one (121) months, concurrent on all counts and both dockets.

The Court makes the following recommendations to the Bureau of Prisons: that the defendant be placed at the minimum security facility at Terre Haute, Indiana.

The defendant is remanded to the custody of the United States Marshal Service.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____ _____, with a certified copy of this Judgment.

_____  
United States Marshal

By: _____  
Deputy Marshal

DEFENDANT: Paul D. Cardwell  Judgment-Page 3 of 7
CASE NUMBER: 12-CR-81-2F/13-CR-254-1F

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years, concurrent on all counts and both dockets.

The defendant shall report to the probation office in the district to which the Defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. **Mandatory drug testing is waived for this defendant.**

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

While on supervised release, the defendant shall not use or possess a firearm, ammunition, dangerous weapons or destructive device. Supervised release shall be revoked for possession of a firearm.

The defendant shall make special assessment, fine and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall not incur any new debt or credit without permission of the U.S. Probation Officer.

The defendant shall provide full financial disclosure to the U.S. Probation Officer, including detailed documentation of income and expenses.

The defendant shall cooperate with the Internal Revenue Service and file tax returns timely and lawfully, and pay any back taxes, penalties and interest as determined by the Internal Revenue

DEFENDANT: Paul D. Cardwell							Judgment-Page <u>4 of 7</u>
CASE NUMBER: 12-CR-81-2F/13-CR-254-1F

Service.

Any employment shall be subject to the prior approval of the U.S. Probation Officer.

The defendant shall submit his person, residence, storage facility, office or vehicle to a search conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition; failure to submit o a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall participate in a cognitive-behavioral treatment regimen that may include, but is not limited to, Moral Reconation Therapy, Cognitive Thinking, Thinking for a Change, or Interactive Journaling. He shall actively participate in treatment until successfully discharged or until the U.S. Probation Officer has excused the defendant from the treatment regimen.

DEFENDANT: Paul D. Cardwell  
CASE NUMBER: 12-CR-81-2F/13-CR-254-1F

Judgment-Page 5 of 7

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Paul D. Cardwell  Judgment-Page 6 of 7
CASE NUMBER: 12-CR-81-2F/13-CR-254-1F

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 1 (12-CR-81-2F) | $100.00 | $1,698,664.77 (concurrent on all counts) | $0.00 |
| 2 (12-CR-81-2F) | $100.00 | $0.00 | $0.00 |
| 1 (13-CR-254-1F) | $100.00 | $0.00 | $0.00 |
| **Totals:** | $300.00 | $1,698,664.77 (concurrent on all counts) | $0.00 |

## FINE AND/OR RESTITUTION

The fine and/or restitution includes any costs of incarceration and/or supervision. The fine, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than Two Thousand Five Hundred Dollars ($2,500.00), unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

Restitution shall be paid joint and several with the co-defendant in 12-CR-81-F, Michael Plake.

DEFENDANT: Paul D. Cardwell  Judgment-Page <u>7 of 7</u>
CASE NUMBER: 12-CR-81-2F/13-CR-254-1F

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

> The defendant shall participate in the Inmate Financial Responsibility Program to pay his monetary obligations. The defendant shall pay all financial obligations immediately. While incarcerated the defendant shall make payments of at least Twenty-five Dollars ($25.00) per quarter. Any amount not paid immediately or through the Inmate Financial Responsibility Program shall be paid beginning sixty (60) days following release from confinement, in monthly installments of not less than One Thousand Dollars ($1,000.00) or 10% of his monthly gross income whichever is greater. All monetary obligations shall be satisfied no less than sixty (60) days prior to the expiration of the term of supervised release.
>
> Payments for monetary obligations shall be made payable by cashier's check or money order to the Clerk, U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001, and shall reference the defendant's case number, 12-CR-81-2F/13-CR-254-1F.

All financial penalty payments are to be made to the Clerks Office, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.