1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING


UNITED STATES OF AMERICA,

         *Plaintiff*,                    **CASE NO. 12-CR-81-SWS**

VS.                             **MARCH 27, 2012**
                                 **3:42 P.M. - 4:15 P.M.**

**MICHAEL J. PLAKE**, *doing business as*
Plake and Associates; and        **CASPER, WYOMING**
**PAUL D. CARDWELL**,

         *Defendants*.


---

TRANSCRIPT OF HEARING ON
INITIAL APPEARANCE, ARRAIGNMENT AND DETENTION
BEFORE THE HONORABLE SCOTT W. SKAVDAHL
UNITED STATES DISTRICT JUDGE

---


**APPEARANCES:**  (Via Videoconference from Cheyenne, Wyoming)


For the Government:        **Lisa Leschuck**
                                 UNITED STATES ATTORNEY'S OFFICE
                                 P.O. Box 668
                                 Cheyenne, Wyoming 82003

For Defendant Plake:       **Sean Hays Barrett**
                                 P.O. Box 3018
                                 Cheyenne, Wyoming 82009

For Defendant Cardwell:    **Robert W. Horn**
                                 P.O. Box 4199
                                 Jackson, Wyoming 83001-4199

Reported By:                  Jamie L. Hendrich, CSR-RPR-CRR
                                 OFFICIAL FEDERAL COURT REPORTER
                                 U.S. District Courthouse
                                 111 South Wolcott, Room 217
                                 Casper, Wyoming 82601

1     **(The proceedings commence at 3:42 p.m.)**

2         **THE COURT:**  All right.  Court is in session in the

3   matter of United States of America versus Michael J. Plake and

4   United States of America versus -- *gesundheit* -- Paul D.

5   Cardwell, Case Numbers -- Case Number 12-CR-81.  I note the

6   presence of Mr. Cardwell and his counsel -- Mr. Horn, are you

7   present?

8         **MR. HORN:**  I'm here, Your Honor.

9         **THE COURT:**  Very well.  And I also note the presence

10  of Mr. Plake and his counsel, Mr. Barrett, Sean Barrett.

11        Is that correct?

12        **MR. BARRETT:**  That's correct, Your Honor.

13        **THE COURT:**  All right.  The purpose of today's

14  proceedings are an initial appearance and arraignment on an

15  indictment issued by the Wyoming grand jury, charging the

16  defendants with 15 counts; and because of -- well, because of

17  the length of those matters, I'm going to try to consolidate

18  some things here, but first let me -- I'm going to have --

19  because we're all on video, I'm going to have you go ahead and

20  stay at your -- at your respective seats there, but let me

21  verify that you're -- well, you're going to be entering pleas

22  of "not guilty" to the charges.

23        Is that correct, Mr. Barrett?

24        **MR. BARRETT:**  That's correct, Your Honor.

25        **THE COURT:**  Mr. Horn?

1      **MR. HORN:**  That's right, Your Honor.

2      **THE COURT:**  All right.  And as a preliminary matter, I

3  am appearing by video realtime from Casper, and you all are

4  gathered in Cheyenne.  The defendants are present with their

5  counsel in Cheyenne as well as with the counsel for the

6  United States who is in Cheyenne, Ms. Leschuck.  Because these

7  are occurring by realtime video, I need to get the consent of

8  the defendants to conducting these proceedings via video.

9      Mr. Plake, you understand that you have the right to

10 have me present in person as opposed to appearing via realtime

11 video.  You understand that right?

12     **DEFENDANT PLAKE:**  Yes, Your Honor.

13     **THE COURT:**  Mr. Cardwell, you understand that right?

14     **DEFENDANT CARDWELL:**  Yes, Your Honor.

15     **THE COURT:**  And is it your desire to waive that right

16 and allow these proceedings to occur today via realtime video,

17 Mr. Plake?

18     **DEFENDANT PLAKE:**  Yes, Your Honor.

19     **THE COURT:**  Mr. Cardwell?

20     **DEFENDANT CARDWELL:**  Yes, Your Honor.

21     **THE COURT:**  All right.  Let me verify Mr. -- with both

22 of the defendants, Mis- -- beginning with Mr. Plake, you're not

23 currently under the influence of any alcohol or controlled

24 substance?

25     **DEFENDANT PLAKE:** No, sir.

1          **THE COURT:**  Mr. Cardwell?

2          **DEFENDANT CARDWELL:**  No, sir.

3          **THE COURT:**  You're not currently suffering from any

4    mental or physical conditions that might prevent you from

5    understanding, Mr. Plake?

6          **DEFENDANT PLAKE:**  No.

7          **THE COURT:**  Mr. Cardwell?

8          **DEFENDANT CARDWELL:**  No, sir.

9          **THE COURT:**  And you're not currently under the care of

10   a physician or any prescription medication, Mr. Plake?

11         **DEFENDANT PLAKE:**  I am currently taking two forms

12   of (garbled) --

13         **THE COURT:**  I'm sorry.  You can come back a little bit

14   from the microphone.  Go ahead and say that again if you could.

15         **DEFENDANT PLAKE:**  I am currently taking two forms of

16   antibiotics for diverticulitis which I am (garbled) --

17         **THE COURT:**  We're having problems with the audio.

18   Sorry.  Say that again, please.  "I'm currently taking two

19   forms of antibiotics" --

20         **DEFENDANT PLAKE:**  Antibiotics, yes.

21         **THE COURT:**  For diverticulitis?

22         **DEFENDANT PLAKE:**  Correct, Your Honor.

23         **THE COURT:**  All right.  And that's not having any

24   impact upon your ability to understand or comprehend?

25         **DEFENDANT PLAKE:**  Not at all, Your Honor.

1          **THE COURT:**  All right.  And, Mr. Plake, I believe I

2    already asked you, but you're not currently taking any

3    medications, correct?

4          **DEFENDANT PLAKE:**  I'm taking --

5          **THE COURT:**  I'm sorry.  That was Mr. Plake.

6          Mr. Cardwell?

7          **DEFENDANT CARDWELL:**  Yes, sir.  I take Lexapro for

8    anxiety (garbled) --

9          **THE COURT:**  Okay.  We've got feedback.  Mr. Cardwell,

10    you're taking Lexapro for anxiety?

11          **DEFENDANT CARDWELL:**  Correct.

12          **THE COURT:**  All right.  That's not having any impact

13    upon your ability to understand or comprehend?

14          **DEFENDANT CARDWELL:**  No, sir.

15          **THE COURT:**  All right.  Before we go into the details

16    of the charges in this matter, there are certain rights that

17    you have with respect to these proceedings that I need to

18    verify you understand.  The burden in this matter is upon the

19    United States at all times to prove, if it can, beyond a

20    reasonable doubt, the allegations as set forth in the

21    indictment.  To that extent, you have no obligation to provide

22    the United States with any information by which or through

23    which they can meet those charges.

24          You have the right to remain silent.  Anything you say

25    or do can and will be used against you in a court of law.  If

1   you choose to make any statements or answer any questions, you

2   may stop at any time.  In addition, you're entitled to have

3   your counsel present at the making of any statements.

4           Do you understand these rights, Mr. Cardwell?

5           **DEFENDANT CARDWELL:**  Yes, sir.

6           **THE COURT:**  Mr. Plake?

7           **DEFENDANT PLAKE:**  Yes, Your Honor.

8           **THE COURT:**  You also have the right to an attorney.

9   If you are unable to afford an attorney, this Court would

10  consider appointment of counsel for you upon the submission of

11  a verified financial affidavit under oath.

12          Do you understand that right, Mr. Plake?

13          **DEFENDANT PLAKE:**  Yes, Your Honor.

14          **THE COURT:**  Mr. Cardwell?

15          **DEFENDANT CARDWELL:**  Yes, Your Honor.

16          **THE COURT:**  You also have the right to a trial in this

17  matter.  At that trial you will have the right, with the

18  assistance of your counsel, to hear and confront, through

19  cross-examination, any witnesses called by the United States.

20  In addition, you will have the right to present your own

21  evidence, call your own witnesses; and to the extent any

22  witness is reluctant or refuses to come forward and testify at

23  that trial, you will have the power of this Court's process to

24  compel or subpoena those witnesses to obtain their testimony at

25  that trial.  Do you understand these rights, Mr. Cardwell?

1          **DEFENDANT CARDWELL:**  Yes, sir.

2          **THE COURT:**  Mr. Plake?

3          **DEFENDANT PLAKE:**  Yes, Your Honor.

4          **THE COURT:**  All right.  All right.  You also would

5    have the right to appeal any adverse decision rendered by a

6    jury on the merits of any of the charges.

7          You understand that right, Mr. Cardwell?

8          **DEFENDANT CARDWELL:**  Yes, Your Honor.

9          **THE COURT:**  Mr. Plake?

10         **DEFENDANT PLAKE:**  Yes, Your Honor.

11         **THE COURT:**  All right.  At this time I want to turn to

12   the charges in the indictment and verify your understanding as

13   to the charges and the potential maximum penalties.  Before we

14   go through that, I guess, counsel, let me ask:  Would you and

15   your clients allow this Court to summarize the charges as

16   opposed to a reading of each and every one of those, Mr. Horn?

17         **MR. HORN:**  This is Bob Horn and I would agree to that,

18   Your Honor.  And please understand that I've gone over the

19   indictment with Paul Cardwell, and he understands the nature of

20   what he's charged with, and he understands what we're doing

21   here today.  So I believe it would be appropriate for you to

22   summarize to the extent you feel necessary.

23         **THE COURT:**  All right.  Thank you.

24         Mr. Barrett, will your client agree as well?

25         **MR. BARRETT:**  He does, Your Honor.

1           **THE COURT:**  All right.  And let me ask each of you.
2  Mr. Cardwell, you agree to a summary -- allowing this Court to
3  summarize the charges as opposed to a reading of each of the
4  counts?
5           **DEFENDANT CARDWELL:**  Yes, Your Honor.
6           **THE COURT:**  And Mr. Plake?
7           **DEFENDANT PLAKE:**  Yes, Your Honor.
8           **THE COURT:**  All right.  The purpose of the arraignment
9  in this matter is to review and verify the charges that have
10  been brought against you and the potential maximum penalties
11  that could be imposed if you were to be found guilty of that
12  charge or those charges.  After verifying your understanding as
13  to the charges, I will ask you to enter pleas.  It's my
14  understanding that you'll be entering pleas of "not guilty" to
15  all of the charges.  However, for purposes of the record, the
16  other pleas that could be entered would be "guilty," "not
17  guilty by reasons of mental deficiency" and "*nolo contendere*"
18  or "no contest."
19           Do you understand this, Mr. Cardwell?
20           **DEFENDANT CARDWELL:**  Yes, Your Honor.
21           **THE COURT:**  Mr. Plake?
22           **DEFENDANT PLAKE:**  Yes, Your Honor.
23           **THE COURT:**  All right.  Turning then to the
24  indictment, Count One of that indictment involves a charge of
25  conspiracy to commit mail and wire fraud.  There are common

1   allegations that are set forth in Paragraphs One through Six on

2   pages 1 and 2 of the indictment, and the Court will not

3   summarize those other than to say that it involves an alleged

4   scheme whereby Powell Valley Healthcare, Incorporated, paid to

5   Plake and Associates $847,884 -- or is alleged to have paid --

6   through a scheme alleged to have been created by the defendants

7   as summarized in those counts.

8         Count One alleges that beginning on or about

9   March 2011 and continuing through and including September 2011,

10  in the District of Wyoming and elsewhere, the defendants, Paul

11  D. Cardwell and Michael J. Plake, did knowingly, intentionally

12  and unlawfully combine, conspire, confederate and agree with

13  one another to commit mail fraud and wire fraud by devising and

14  executing a scheme and artifice to defraud and to obtain money

15  by means of false and fraudulent pretenses, representations and

16  promises from Powell Valley Healthcare, Inc., Powell, Wyoming,

17  which scheme was furthered by the use of the mails as well as

18  commercial interstate carrier and wire communications.  This is

19  alleged to be in violation of Title 18, United States Code,

20  Sections 1341 and 1343.

21        The alleged manner and means are thereafter summarized

22  in Paragraphs 1 through 7.  All of this is alleged to be in

23  violation of Title 18, United States Code, Section 1349.  This

24  is a crime that carries a potential maximum penalty of up to 20

25  years imprisonment and/or including up to a 250,000-dollar fine

1    and a 100-dollar special assessment.  In addition, any period

2    of incarceration could be followed by up to three years of

3    supervised release.

4            Mr. Horn, do you agree as to the potential applicable

5    penalties?

6            **MR. HORN:**  Yes, sir.

7            **THE COURT:**  Mr. Barrett?

8            **MR. BARRETT:**  I do, Your Honor.

9            **THE COURT:**  Mr. Cardwell, do you understand the nature

10   of the charge as contained in Count One of the indictment?

11           **DEFENDANT CARDWELL:**  Yes, sir.

12           **THE COURT:**  And Mr. Plake?

13           **DEFENDANT PLAKE:**  Yes, Your Honor.

14           **THE COURT:**  And do you understand the potential

15   maximum penalties and/or fines that could be imposed if you

16   were to be found guilty of that charge, Mr. Cardwell?

17           **DEFENDANT CARDWELL:**  Yes, sir.

18           **THE COURT:**  Mr. Plake?

19           **DEFENDANT PLAKE:**  Yes, Your Honor.

20           **THE COURT:**  Turning to Count Two, Count Two alleges

21   beginning on or about April 2011 and continuing through and

22   including September 2011, in the District of Wyoming and

23   elsewhere, the defendants, Paul D. Cardwell and Michael J.

24   Plake, did knowingly, intentionally and unlawfully combine,

25   conspire, confederate and agree with each other to engage in

1  monetary transactions affecting interstate commerce in

2  criminally derived property of a value greater than $10,000 as

3  described in the "Manner and Means" portion of Count One of

4  this indictment; that is, Michael J. Plake returned

5  approximately $706,000 to Paul D. Cardwell which were proceeds

6  from recruiting fees paid to PVHC to Plake and Associates for

7  which recruiting never occurred, in violation of

8  18 United States Code, Section 1957.  The alleged manner and

9  means by which this alleged crime occurred is set forth

10  thereafter in Paragraphs 1 through 4 on page 5 of the

11  indictment.

12       All of this is alleged to be in violation of Title 18,

13  United States Code, Section 1956(h).  That is a crime that

14  carries a potential maximum penalty of up to ten years

15  imprisonment and/or including up to a 250,000-dollar fine and a

16  100-dollar special assessment.  In addition, any period of

17  incarceration could be followed by up to three years of

18  supervised release.

19       Mr. Horn, do you agree as to the applicable penalties?

20       **MR. HORN:**  That's correctly stated, Your Honor.

21       **THE COURT:**  Mr. Barrett?

22       **MR. BARRETT:**  Yes, Your Honor.

23       **THE COURT:**  All right.  Mr. Cardwell, do you

24  understand the nature of the charge as contained in Count Two?

25       **DEFENDANT CARDWELL:**  Yes, Your Honor.

1          **THE COURT:**  And, Mr. Plake, do you understand the

2    nature of the charge?

3          **DEFENDANT PLAKE:**  Yes, Your Honor.

4          **THE COURT:**  And as to the applicable penalties, do you

5    understand those applicable to Count Two, Mr. Cardwell?

6          **DEFENDANT CARDWELL:**  I do, sir.

7          **THE COURT:**  And Mr. Plake?

8          **DEFENDANT PLAKE:**  I do, Your Honor.

9          **THE COURT:**  Turning to Count Three through

10   Count Fourteen, each of those counts involves an alleged

11   violation of Title 18, United States Code, Section 1341.  The

12   only -- well, there are -- the detailed differences are set

13   forth therein, but I will read a general summary as to the

14   nature of the charge -- charges in Counts Three through

15   Fourteen.  Those counts generally allege on or about a date set

16   forth, in the District of Wyoming and elsewhere, the

17   defendants, Paul D. Cardwell and Michael J. Plake, for the

18   purposes of executing and attempting to execute a scheme and

19   artifice to defraud and for obtaining money and property by

20   means of false and fraudulent pretenses, representations and

21   promises as described in the "Manner and Means" portions in

22   Counts One and Two of this indictment, did knowingly cause to

23   be placed, in an authorized depository for mail matter

24   according to the directions thereon, a Powell Valley

25   Healthcare, Inc., check, different numbered for each count,

1  payable to Plake and Associates, LLC, in the amount of -- which

2  is various, depending upon the count, and sent via Federal

3  Express, a commercial interstate carrier, which funds were

4  subsequently converted to the defendants Paul D. Cardwell's and

5  Michael J. Plake's personal use and benefit.

6        Each of these counts alleges it is in violation of

7  Title 18, United States Code, Section 1341.  Each of these

8  counts carries a potential maximum penalty of up to 20 years

9  imprisonment and/or including up to a 250,000-dollar fine and a

10  100-dollar special assessment.  In addition, any period of

11  incarceration could be followed by up to three years of

12  supervised release.

13        Mr. Horn, do you agree as to the applicable penalties

14  under Counts Three through Fourteen?

15        **MR. HORN:**  I do.

16        **THE COURT:**  Mr. Bennett -- Barrett.  Sorry.

17        **MR. BARRETT:**  That's all right, Your Honor.  I do.

18        **THE COURT:**  All right.  Mr. Cardwell, do you

19  understand the nature of the charges as contained in

20  Counts Three through Fourteen of the indictment?

21        **DEFENDANT CARDWELL:**  Yes, Your Honor.

22        **THE COURT:**  Mr. Plake?

23        **DEFENDANT PLAKE:**  Yes, Your Honor.

24        **THE COURT:**  And you understand the potential maximum

25  penalties and/or fines that could be applied as to each of

1    those counts in Three through Fourteen, Mr. Cardwell?

2              **DEFENDANT CARDWELL:**  I do, sir.

3              **THE COURT:**  Mr. Plake?

4              **DEFENDANT PLAKE:**  I do, Your Honor.

5              **THE COURT:**  All right.  Turning to Count Fifteen, as

6    to Count Fifteen, it alleges that on or about September 25,

7    2011, in the District of Wyoming and elsewhere, the defendants,

8    Paul D. Cardwell and Michael J. Plake, for the purposes of

9    executing and attempting to execute a scheme and artifice to

10   defraud and for obtaining money by means of false and

11   fraudulent pretenses, representations and promises as described

12   in the "Manner and Means" portions of Counts One and Two of

13   this indictment, did knowingly cause to be transmitted by means

14   of wire communication in interstate commerce between India

15   (sic) and Wyoming, certain signs, signals and sounds, that is,

16   an electronic wire communication, an email, which included

17   invoices and alleged contracts between Plake and Associates and

18   Powell Valley Healthcare, Incorporated.

19             This is alleged to be in violation of Title 18,

20   United States Code, Section 1343.  This is a crime that carries

21   a potential maximum penalty of up to 20 years imprisonment

22   and/or including up to a 250,000-dollar fine and a 100-dollar

23   special assessment.  In addition, any period of incarceration

24   could be followed by up to three years of supervised release.

25             Mr. Horn, do you agree as to the applicable penalties?

1        **MR. HORN:**  Correctly stated, Your Honor.

2        **THE COURT:**  Mr. Barrett?

3        **MR. BARRETT:**  Yes, Your Honor.

4        **THE COURT:**  And, Mr. Cardwell, do you understand the

5   allegation as set forth in Count Fifteen of the indictment?

6        **DEFENDANT CARDWELL:**  Yes, Your Honor.

7        **THE COURT:**  Mr. Plake?

8        **DEFENDANT PLAKE:**  Yes, Your Honor.

9        **THE COURT:**  And you understand the potential maximum

10  penalties and/or fines that could be imposed, Mr. Cardwell?

11       **DEFENDANT CARDWELL:**  Yes, Your Honor.

12       **THE COURT:**  Mr. Plake?

13       **DEFENDANT PLAKE:**  Yes, Your Honor.

14       **THE COURT:**  At this time, Mr. Horn, is your client

15  prepared to enter pleas of "not guilty" to the counts in the

16  indictment?

17       **DEFENDANT CARDWELL:**  Yes, sir.

18       **THE COURT:**  Mr. Michael -- I'm sorry.  That's the

19  wrong defendant.  Mr. Paul D. Cardwell, as to the charge

20  contained in Count One of the indictment, how do you plead?

21       **DEFENDANT CARDWELL:**  Not guilty.

22       **THE COURT:**  As to the charge in Count Two, how do you

23  plead?

24       **DEFENDANT CARDWELL:**  Not guilty, Your Honor.

25       **THE COURT:**  As to the charge in counts -- Count Three,

1    how do you plead?

2              **DEFENDANT CARDWELL:**  Not guilty, Your Honor.

3              **THE COURT:**  As to Count Four?

4              **DEFENDANT CARDWELL:**  Not guilty, Your Honor.

5              **THE COURT:**  As to Count Five?

6              **DEFENDANT CARDWELL:**  Not guilty.

7              **THE COURT:**  As to Count Six?

8              **DEFENDANT CARDWELL:**  Not guilty.

9              **THE COURT:**  As to Count Seven?

10             **DEFENDANT CARDWELL:**  Not guilty.

11             **THE COURT:**  As to Count Eight.

12             **DEFENDANT CARDWELL:**  Not guilty.

13             **THE COURT:**  As to Count Nine?

14             **DEFENDANT CARDWELL:**  Not guilty.

15             **THE COURT:**  As to Count Ten?

16             **DEFENDANT CARDWELL:**  Not guilty, Your Honor.

17             **THE COURT:**  As to Count Eleven?

18             **DEFENDANT CARDWELL:**  Not guilty.

19             **THE COURT:**  As to Count Twelve?

20             **DEFENDANT CARDWELL:**  Not guilty.

21             **THE COURT:**  As to Count Thirteen?

22             **DEFENDANT CARDWELL:**  Not guilty.

23             **THE COURT:**  As to Count Fourteen?

24             **DEFENDANT CARDWELL:**  Not guilty.

25             **THE COURT:**  And as to Count Fifteen?

1          **DEFENDANT CARDWELL:**  Not guilty, Your Honor.

2          **THE COURT:**  "Not guilty" pleas will be entered as to

3    each count, One through Fifteen, of the indictment as to

4    defendant Mr. Paul D. Cardwell.

5          Turning to the defendant Mr. Michael J. Plake,

6    Mr. Barrett, is your client prepared to enter pleas of "not

7    guilty" at this time?

8          **MR. BARRETT:**  He is, Your Honor.

9          **THE COURT:**  Mr. Michael J. Plake, as to the charge

10   contained in Count One of the indictment, how do you plead?

11          **DEFENDANT PLAKE:**  Not guilty.

12          **THE COURT:**  As to Count Two?

13          **DEFENDANT PLAKE:**  Not guilty.

14          **THE COURT:**  As to Count Three?

15          **DEFENDANT PLAKE:**  Not guilty.

16          **THE COURT:**  As to Count Four?

17          **DEFENDANT PLAKE:**  Not guilty.

18          **THE COURT:**  As to Count Five?

19          **DEFENDANT PLAKE:**  Not guilty.

20          **THE COURT:**  As to Count Six?

21          **DEFENDANT PLAKE:**  Not guilty.

22          **THE COURT:**  As to Count Seven?

23          **DEFENDANT PLAKE:**  Not guilty.

24          **THE COURT:**  As to Count Eight?

25          **DEFENDANT PLAKE:**  Not guilty.

1          **THE COURT:**  As to Count Nine?

2          **DEFENDANT PLAKE:**  Not guilty.

3          **THE COURT:**  As to Count Ten?

4          **DEFENDANT PLAKE:**  Not guilty.

5          **THE COURT:**  As to Count Eleven?

6          **DEFENDANT PLAKE:**  Not guilty.

7          **THE COURT:**  As to Count Twelve?

8          **DEFENDANT PLAKE:**  Not guilty.

9          **THE COURT:**  As to Count Thirteen?

10          **DEFENDANT PLAKE:**  Not guilty.

11          **THE COURT:**  As to Count Fourteen?

12          **DEFENDANT PLAKE:**  Not guilty.

13          **THE COURT:**  And as to Count Fifteen?

14          **DEFENDANT PLAKE:**  Not guilty, Your Honor.

15          **THE COURT:**  "Not guilty" pleas will be entered as to

16    Counts One through Fifteen of the indictment as to Defendant

17    Michael J. Plake.

18          And this matter will be set for trial before

19    Judge Freudenthal.  Based upon speedy trial time lines in this

20    matter, it would appear that trial is required to be held

21    June 4, 2012, and the matter would be set for trial at

22    8:30 a.m. on June 4th.

23          As to the setting being within the speedy trial time

24    frame, Ms. Leschuck, do you agree that that is within the

25    speedy trial requirements?

1        **MS. LESCHUCK:**  Your Honor, I do agree speedy trial

2  does expire on June 5th.

3        **THE COURT:**  All right.  And you would agree as to the

4  setting of the trial at that date and time at this time,

5  Mr. Barrett?

6        **MR. BARRETT:**  Yes, Your Honor.

7        **THE COURT:**  And Mr. Horn?

8        **MR. HORN:**  Yes.  The date -- well, give me the time

9  again.  Was it nine o'clock, Your Honor?

10        **THE COURT:**  It'll be 8:30 a.m.

11        **MR. HORN:**  8:30.  Yes, sir, I agree.

12        **THE COURT:**  All right.  As to the issue of discovery,

13  Ms. Leschuck, what is the United States' position?

14        **MS. LESCHUCK:**  United States' position, Your Honor, is

15  that based on -- it's an open file discovery case.  I have

16  delivered some discovery to defendants today, and there will be

17  some more to follow.  Also along that line, grand jury

18  transcripts are permitted for each defendant.

19        **THE COURT:**  All right.  Any comments regarding the

20  discovery, Mr. Barrett?

21        **MR. BARRETT:**  No, Your Honor.

22        **THE COURT:**  Mr. Horn?

23        **MR. HORN:**  No, sir.

24        **THE COURT:**  All right.  I will enter a discovery order

25  in accordance with Rule 16.  In addition, I will enter an order

1   allowing access to grand jury transcripts.

2         What is the United States' position regarding issues

3   of detention, Ms. Leschuck?

4         **MS. LESCHUCK:**  Your Honor, I know that there's been a

5   pretrial services report done on Mr. Cardwell.  It has

6   recommended his release with conditions.  I do not believe one

7   has been completed for Mr. Plake, but my position would be the

8   same as to both defendants; and, that is, that both be released

9   today on a 100,000-dollar O.R. bond.

10        I would note that target letters were sent to each

11  defendant in early January -- or excuse me -- late January of

12  2012.  They have both communicated with me through various

13  attorneys either in Indiana or the attorneys that are present

14  here today.  They have met their obligations in being here for

15  this appearance, and I would expect them to make their further

16  appearances as necessary.

17        I do note that both have passports, and I've asked

18  each counsel to bring their passports here today and surrender

19  them and that they not be allowed to further travel except

20  within the State of Indiana where they reside or to Wyoming for

21  court appearances.

22        I believe Mr. Cardwell has put forth a set of what I

23  would call the -- the "usual conditions of bond" for

24  Mr. Cardwell.  I would ask that those apply to Mr. Plake as

25  well and that if Mr. Cardwell has -- excuse me -- if

1  Mr. Caldwell, the proba- -- the probation officer or pretrial

2  services officer here today, has any other conditions he would

3  recommend, I would ask that he make those recommendations at

4  this time.

5       **THE COURT:**  All right.  Mr. Caldwell, are there any

6  additional recommendations you would make at this time?

7       **PROBATION OFFICER CALDWELL:**  No, Your Honor.  Thank

8  you.

9       **THE COURT:**  All right.  Mr. Horn, any comments

10  regarding the recommendation and conditions?

11       **MR. HORN:**  Your Honor, the recommendations that have

12  been made by Phillip Caldwell -- I've gone over them with

13  Mr. Cardwell, and we believe that those are appropriate.

14  There's a discrepancy between the recommendation made by

15  Mr. Caldwell for a 20,000-dollar unsecured bond and the

16  recommendation made by Ms. Leschuck which is a 100,000-dollar

17  unsecured bond.  We think that the 20,000-dollar unsecured bond

18  is more appropriate in this situation.

19       Mr. Cardwell has cooperated and done everything that's

20  been asked of him.  I think that the actions he's taken are

21  consistent with the idea that he will appear for all court

22  appearances.  He does have his passport here.  We're prepared

23  to surrender that to the Court -- to the Court, Your Honor, and

24  we accept the conditions regarding travel.  So we would say

25  that we're in alignment with the recommendations that have been

1 | made by Mr. Caldwell, and we would ask that you release

2 | Mr. Cardwell based on those recommendations.

3 | **THE COURT:** All right. Thank you.

4 | Mr. Barrett, with respect to the recommendation by the

5 | United States regarding Mr. Plake?

6 | **MR. BARRETT:** Your Honor, I would concur with

7 | Ms. Leschuck. I, too, would advise the Court -- and I don't

8 | want to be redundant, but there was preindictment

9 | cooperation -- at least "communication," I should say --

10 | between the defendant and United States through me after I had

11 | been retained. We've had an open line of communication with

12 | Ms. Leschuck and attempted to get in contact with probation

13 | last week. I may have -- I don't know if the messages got

14 | through. So we did make those attempts as well, Your Honor,

15 | and there doesn't appear to be any danger to the community or

16 | flight risk which is two of the factors taken into

17 | consideration with regards to Mr. Plake. He has appeared here

18 | on a summons. I have his passport with me today, and I can

19 | hold on to that or turn it over to whoever may want it,

20 | probation or otherwise.

21 | When you look at the factors, Your Honor, under 31 --

22 | 18 U.S.C. 3142, Subsection (g) factors to be considered in

23 | release, Mr. Plake certainly seems to be a good candidate for

24 | release, Your Honor. He's a 40-some-year-old man; two -- two

25 | young kids back in Indiana. That's been his home state where

1    he's -- where he currently works and resides full time.

2    It's -- he's a director of a religious -- religious education

3    program out there, Your Honor, as well.  He's got a lot of

4    responsibilities, and he has no problem at his own expense

5    making it back for any appearances as necessary.

6            **THE COURT:**  All right.  Ms. Leschuck, anything

7    further?

8            **MS. LESCHUCK:**  No, Your Honor.  Thank you.

9            **THE COURT:**  All right.  Well, based upon a review of

10   the facts and circumstances in this matter, the Court would

11   find that there are terms or conditions of release that can be

12   fashioned under Title 18, United States Code, Section 3142, to

13   adequately ensure the appearance of the defendants, Mr. Plake

14   and Mr. Cardwell, at future proceedings and the safety of the

15   community.

16           So the Court would, with respect to the release of

17   both of the defendants, direct that they be released under

18   supervision which would require -- under conditions which would

19   require that they be released on a 50,000 unsecured bond,

20   PR bond, with pretrial supervision subject to the following

21   conditions:

22           In terms of the amount of that bond, 20,000 is the

23   typical amount with respect to individuals in the District of

24   Wyoming.  Because I'm dealing with individuals that are outside

25   the District of Wyoming -- and I'm going to allow here in a

1   moment that they reside in Indiana -- I believe a greater

2   amount is necessary to ensure their appearance as well as to be

3   available in the event that the Marshals Service or some other

4   entity was required to retrieve them.  So I guess the -- I

5   understand the 20,000 was there; but, under the circumstances,

6   I don't think 100,000 is necessary, but I think 50,000 is

7   appropriate, given the facts and circumstances it is a PR bond.

8          The -- each of the defendants will be required to

9   report to the U.S. Probation/Pretrial Services Office as

10  directed.  They shall obey all local, state and federal laws

11  and not violate any as a condition; and they also shall

12  maintain -- with respect to the defendant Mr. Cardwell -- which

13  I have to be very careful not to change the "R" to an "L" --

14  but with respect to Mr. Cardwell, I would require that he

15  maintain his residence with his mother, as I understand it, in

16  Tipton, Indiana, and shall not move from that residence while

17  this case is pending without prior permission from pretrial

18  services.

19         He shall further seek and maintain full-time

20  employment, and he shall not travel outside the State of

21  Indiana and Wyoming unless he has received prior permission

22  from the U.S. Probation/Pretrial Services Office other than for

23  court proceedings and to meet with counsel.  He shall also

24  surrender his passport to the Clerk of District Court and shall

25  not apply for or obtain another passport while this matter is

1  pending.  He shall not use, purchase or possess any firearm or

2  other dangerous weapons.

3          With respect to Mr. Plake, I would require as well a

4  50,000 unsecured bond with pretrial supervision with the

5  following conditions:  He report to the United States

6  Probation/Pretrial Services Office as directed.  He shall obey

7  all local, state and federal laws and not violate them.  He

8  shall maintain his residence and provide pretrial services with

9  that address and the phone number so that they can verify his

10  location, and he shall not move from that residence without the

11  prior permission of his pretrial supervision officer.

12          He shall seek and maintain full-time employment.  He

13  shall not travel outside the States of Indiana or Wyoming

14  unless he has received prior permission from the

15  U.S. Probation/Pretrial Services Office other than for court

16  proceedings which he shall be required to attend, as will

17  Mr. Cardwell, and to meet or confer with counsel.  He shall

18  surrender his passport to the Clerk of District Court for the

19  District of Wyoming as well and not apply for or obtain another

20  passport while this case is pending; and he shall not use,

21  purchase or possess any firearm or other dangerous weapon.

22  Those would be the conditions upon which I would allow for

23  release in accordance with Section 3142 of Title 18.

24          Any concerns with those conditions, Mr. Horn?

25          **MR. HORN:**  No, Your Honor.

1          **THE COURT:**  Mr. Barrett?

2          **MR. BARRETT:**  No, Your Honor.

3          **THE COURT:**  Very well.  I would direct that the

4  necessary paperwork be provided so that the PR bonds can be

5  filed.

6          Are there any other matters that we need to address --

7  I would back up for one moment.  I would provide for 20 days

8  for the filing of any motions regarding the -- the issues under

9  the criminal rules of procedure and/or case law.

10          Are there any additional matters we need to address at

11  this time, Ms. Leschuck?

12          **MS. LESCHUCK:**  No, Your Honor.  Thank you.

13          **THE COURT:**  Mr. Horn?

14          **MR. HORN:**  No, Your Honor.

15          **THE COURT:**  Mr. Barrett?

16          **MR. BARRETT:**  No, Your Honor.

17          **THE COURT:**  All right.  Very well.  Thank you.  We'll

18  stand in recess at this time.

19          **THE CLERK:**  All rise.  Court will stand in recess.

20      **(The proceedings conclude at 4:15 p.m.)**

21

22

23

24

25

1                      **REPORTER CERTIFICATE**

2            I, JAMIE L. HENDRICH, retired Official Federal Court

3    Reporter in the United States District Court for the District

4    of Wyoming, certify that the foregoing is a correct transcript

5    from the record of proceedings in the above-entitled matter.

6    ___09.03.15_____              _____/S/_____
         **Date**                   **JAMIE L. HENDRICH, CSR-RPR-CRR**
7                                   **Retired Official Federal**
                                       **Court Reporter**
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**A**

ability 4:24 5:13
above-entitled
  27:5
accept 21:24
access 20:1
actions 21:20
addition 6:2,20
  10:1 11:16
  13:10 14:23
  19:25
additional 21:6
  26:10
address 25:9 26:6
  26:10
adequately 23:13
adverse 7:5
advise 22:7
affidavit 6:11
afford 6:9
agree 7:17,24 8:2
  9:12 10:4,25
  11:19 13:13
  14:25 18:24
  19:1,3,11
ahead 2:19 4:14
alcohol 3:23
alignment 21:25
allegation 15:5
allegations 5:20
  9:1
allege 12:15
alleged 9:3,5,6,19
  9:21,22 11:8,9
  11:12 12:10
  14:17,19
alleges 9:8 10:20
  13:6 14:6
allow 3:16 7:15
  23:25 25:22
allowed 20:19
allowing 8:2 20:1
America 1:3 2:3,4
amount 13:1
  23:22,23 24:2
and/or 9:25
  10:15 11:15
  13:9,25 14:22
  15:10 26:9
answer 6:1
antibiotics 4:16
  4:19,20
anxiety 5:8,10
appeal 7:5
appear 18:20
  21:21 22:15
appearance 1:10

2:14 20:15
  23:13 24:2
appearances
  1:14 20:16,21
  21:22 23:5
appeared 22:17
appearing 3:3,10
applicable 10:4
  11:19 12:4,5
  13:13 14:25
applied 13:25
apply 20:24 24:25
  25:19
appointment
  6:10
appropriate 7:21
  21:13,18 24:7
approximately
  11:5
April 10:21
arraignment 1:10
  2:14 8:8
artifice 9:14
  12:19 14:9
asked 5:2 20:17
  21:20
assessment 10:1
  11:16 13:10
  14:23
assistance 6:18
Associates 1:6
  9:5 11:6 13:1
  14:17
attempted 22:12
attempting 12:18
  14:9
attempts 22:14
attend 25:16
attorney 6:8,9
attorneys 20:13
  20:13
ATTORNEY'S
  1:16
audio 4:17
authorized 12:23
available 24:3
a.m 18:22 19:10

**B**

back 4:13 22:25
  23:5 26:7
Barrett 1:18 2:10
  2:10,12,23,24
  7:24,25 10:7,8
  11:21,22 13:16
  13:17 15:2,3
  17:6,8 19:5,6,20
  19:21 22:4,6

26:1,2,15,16
based 18:19
  19:15 22:2 23:9
beginning 3:22
  9:8 10:21
believe 5:1 7:21
  20:6,22 21:13
  24:1
benefit 13:5
Bennett 13:16
beyond 5:19
bit 4:13
Bob 7:17
bond 20:9,23
  21:15,17,17
  23:19,20,22
  24:7 25:4
bonds 26:4
Box 1:16,18,20
bring 20:18
brought 8:10
burden 5:18
business 1:6

**C**

Caldwell 21:1,5,7
  21:12,15 22:1
call 6:21 20:23
called 6:19
candidate 22:23
Cardwell 1:7,20
  2:5,6 3:13,14,19
  3:20 4:1,2,7,8
  5:6,7,9,11,14
  6:4,5,14,15,25
  7:1,7,8,19 8:2,5
  8:19,20 9:11
  10:9,11,16,17,23
  11:5,23,25 12:5
  12:6,17 13:18
  13:21 14:1,2,8
  15:4,6,10,11,17
  15:19,21,24
  16:2,4,6,8,10,12
  16:14,16,18,20
  16:22,24 17:1,4
  20:5,22,24,25
  21:13,19 22:2
  23:14 24:12,14
  25:17
Cardwell's 13:4
care 4:9
careful 24:13
carrier 9:18 13:3
carries 9:24 11:14
  13:8 14:20
case 1:4 2:5,5
  19:15 24:17

25:20 26:9
Casper 1:6,24 3:3
cause 12:22 14:13
certain 5:16
  14:15
certainly 22:23
CERTIFICATE
  27:1
certify 27:4
change 24:13
charge 8:12,24
  10:10,16 11:24
  12:2,14 15:19
  15:22,25 17:9
charged 7:20
charges 2:22 5:16
  5:23 7:6,12,13
  7:15 8:3,9,12,13
  8:15 12:14
  13:19
charging 2:15
check 12:25
Cheyenne 1:14
  1:17,19 3:4,5,6
choose 6:1
circumstances
  23:10 24:5,7
Clerk 24:24 25:18
  26:19
client 7:24 15:14
  17:6
clients 7:15
Code 9:19,23 11:8
  11:13 12:11
  13:7 14:20
  23:12
combine 9:12
  10:24
come 4:13 6:22
commence 2:1
comments 19:19
  21:9
commerce 11:1
  14:14
commercial 9:18
  13:3
commit 8:25 9:13
common 8:25
communicated
  20:12
communication
  14:14,16 22:9
  22:11
communications
  9:18
community 22:15
  23:15
compel 6:24

completed 20:7
comprehend 4:24
  5:13
concerns 25:24
conclude 26:20
concur 22:6
condition 24:11
conditions 4:4
  20:6,23 21:2,10
  21:24 23:11,18
  23:21 25:5,22
  25:24
conducting 3:8
confederate 9:12
  10:25
confer 25:17
confront 6:18
consent 3:7
consider 6:10
consideration
  22:17
considered 22:22
consistent 21:21
consolidate 2:17
conspiracy 8:25
conspire 9:12
  10:25
contact 22:12
contained 10:10
  11:24 13:19
  15:20 17:10
contendere 8:17
contest 8:18
continuing 9:9
  10:21
contracts 14:17
controlled 3:23
converted 13:4
cooperated 21:19
cooperation 22:9
correct 2:11,12
  2:23,24 4:22 5:3
  5:11 27:4
correctly 11:20
  15:1
counsel 2:6,10
  3:5,5 6:3,10,18
  7:14 20:18
  24:23 25:17
count 24:9 4:8
  10:10,20,20
  11:3,24 12:5,9
  12:10,25 13:2
  14:5,6 15:5,20
  15:22,25 16:3,5
  16:7,9,11,13,15
  16:17,19,21,23
  16:25 17:3,10

17:12,14,16,18
17:20,22,24
18:1,3,5,7,9,11
18:13
**counts** 2:16 8:4
9:7 12:10,14,15
12:22 13:6,8,14
13:20 14:1,12
15:15,25 18:16
**Courthouse** 1:23
**Court's** 6:23
**created** 9:6
**crime** 9:24 11:9
11:13 14:20
**criminal** 26:9
**criminally** 11:2
**cross-examina...**
6:19
**CSR-RPR-CRR**
1:22 27:6
**currently** 3:23
4:3,9,11,15,18
5:2 23:1

——————————
**D**

**D** 1:7 2:4 9:11
10:23 11:5
12:17 13:4 14:8
15:19 17:4
**danger** 22:15
**dangerous** 25:2
25:21
**date** 12:15 19:4,8
27:6
**days** 26:7
**dealing** 23:24
**decision** 7:5
**defendant** 1:18
1:20 3:12,14,18
3:20,25 4:2,6,8
4:11,15,20,22,25
5:4,7,11,14 6:5
6:7,13,15 7:1,3
7:8,10 8:5,7,20
8:22 10:11,13
10:17,19 11:25
12:3,6,8 13:21
13:23 14:2,4
15:6,8,11,13,17
15:19,21,24
16:2,4,6,8,10,12
16:14,16,18,20
16:22,24 17:1,4
17:5,11,13,15,17
17:19,21,23,25
18:2,4,6,8,10,12
18:14,16 19:18
20:11 22:10

**defendants** 1:8
2:16 3:4,8,22
9:6,10 10:23
12:17 13:4 14:7
19:16 20:8
23:13,17 24:8
**deficiency** 8:17
**defraud** 9:14
12:19 14:10
**delivered** 19:16
**depending** 13:2
**depository** 12:23
**derived** 11:2
**described** 11:3
12:21 14:11
**desire** 3:15
**detailed** 12:12
**details** 5:15
**detention** 1:10
20:3
**devising** 9:13
**differences** 12:12
**different** 12:25
**direct** 23:17 26:3
**directed** 24:10
25:6
**directions** 12:24
**director** 23:2
**discovery** 19:12
19:15,16,20,24
**discrepancy**
21:14
**District** 1:1,1,11
1:23 9:10 10:22
12:16 14:7
23:23,25 24:24
25:18,19 27:3,3
**diverticulitis** 4:16
4:21
**doing** 1:6 7:20
**doubt** 5:20

——————————
**E**

**early** 20:11
**education** 23:2
**Eight** 16:11 17:24
**either** 20:13
**electronic** 14:16
**Eleven** 16:17 18:5
**email** 14:16
**employment**
24:20 25:12
**engage** 10:25
**ensure** 23:13 24:2
**enter** 8:13 15:15
17:6 19:24,25
**entered** 8:16 17:2

18:15
**entering** 2:21
8:14
**entitled** 6:2
**entity** 24:4
**event** 24:3
**evidence** 6:21
**excuse** 20:11,25
**execute** 12:18
14:9
**executing** 9:14
12:18 14:9
**expect** 20:15
**expense** 23:4
**expire** 19:2
**Express** 13:3
**extent** 5:21 6:21
7:22

——————————
**F**

**factors** 22:16,21
22:22
**facts** 23:10 24:7
**false** 9:15 12:20
14:10
**fashioned** 23:12
**federal** 11:2 13:2
24:10 25:7 27:2
27:7
**feedback** 5:9
**feel** 7:22
**fees** 11:6
**Fifteen** 14:5,6
15:5 16:25 17:3
18:13,16
**file** 19:15
**filed** 26:5
**filing** 26:8
**financial** 6:11
**find** 23:11
**fine** 9:25 11:15
13:9 14:22
**fines** 10:15 13:25
15:10
**firearm** 25:1,21
**first** 2:18
**Five** 16:5 17:18
**flight** 22:16
**follow** 19:17
**followed** 10:2
11:17 13:11
14:24
**following** 23:20
25:5
**foregoing** 27:4
**forms** 4:11,15,19
**forth** 5:20 9:1
11:9 12:13,16

**forward** 26:22
**found** 8:11 10:16
14:18
**Four** 16:3 17:16
**Fourteen** 12:10
12:15 13:14,20
14:1 16:23
18:11
**frame** 18:24
**fraud** 8:25 9:13
9:13
**fraudulent** 9:15
12:20 14:11
**Freudenthal**
18:19
**full** 23:1
**full-time** 24:19
25:12
**funds** 13:3
**further** 20:15,19
23:7 24:19
**furthered** 9:17
**future** 23:14

——————————
**G**

**g** 22:22
**garbled** 4:12,16
5:8
**gathered** 3:4
**general** 12:13
**generally** 12:15
**gesundheit** 2:4
**give** 19:8
**given** 24:7
**go** 2:19 4:14 5:15
7:14
**going** 2:17,18,19
2:21 23:25
**good** 22:23
**Government** 1:15
**grand** 2:15 19:17
20:1
**greater** 11:2 24:1
**guess** 7:14 24:4
**guilty** 2:22 8:11
8:14,16,17
10:16 15:15,21
15:24 16:2,4,6,8
16:10,12,14,16
16:18,20,22,24
17:1,2,7,11,13
17:15,17,19,21
17:23,25 18:2,4
18:6,8,10,12,14
18:15

——————————
**H**

**Hays** 1:18

**Healthcare** 9:4
14:18
**hear** 6:18
**HEARING** 1:10
**held** 18:20
**Hendrich** 1:22
27:2,6
**hold** 22:19
**home** 22:25
**Honor** 2:8,12,24
3:1,12,14,18,20
4:22,25 6:7,13
6:15 7:3,8,10,18
7:25 8:5,7,20,22
10:8,13,19
11:20,22,25
12:3,8 13:17,21
13:23 14:4 15:1
15:3,6,8,11,13
15:24 16:2,4,16
17:1,8 18:14
19:1,6,9,14,21
20:4 21:7,11,23
22:6,14,21,24
23:3,8 25:25
26:2,12,14,16
**HONORABLE**
1:11
**Horn** 1:20 2:6,8
2:25 3:1 7:16,17
7:17 10:4,6
11:19,20 13:13
13:15 14:25
15:1,14 19:7,8
19:11,22,23
21:9,11 25:24
25:25 26:13,14

——————————
**I**

**idea** 21:21
**impact** 4:24 5:12
**imposed** 8:11
10:15 15:10
**imprisonment**
9:25 11:15 13:9
14:21
**incarceration**
10:2 11:17
13:11 14:23
**included** 14:16
**including** 9:9,25
10:22 11:15
13:9 14:22
**Incorporated** 9:4
14:18 **India**
14:14
**Indiana** 20:13,20

22:25 24:1,16
24:21 25:13
**indictment** 2:15
5:21 7:12,19
8:24,24 9:2
10:10 11:4,11
12:22 13:20
14:13 15:5,16
15:20 17:3,10
18:16
**individuals** 23:23
23:24
**influence** 3:23
**information** 5:22
**initial** 1:10 2:14
**intentionally**
9:11 10:24
**interstate** 9:18
11:1 13:3 14:14
**invoices** 14:17
**involves** 8:24 9:3
12:10
**issue** 19:12
**issued** 2:15
**issues** 20:2 26:8
**It'll** 19:10

**J**

**J** 1:6 2:3 9:11
10:23 11:4
12:17 13:5 14:8
17:5,9 18:17
**Jackson** 1:21
**Jamie** 1:22 27:2,6
**January** 20:11,11
**Judge** 1:11 18:19
**June** 18:21,22
19:2
**jury** 2:15 7:6
19:17 20:1

**K**

**kids** 22:25
**know** 20:4 22:13
**knowingly** 9:11
10:24 12:22
14:13

**L**

**L** 1:22 24:13 27:2
27:6
**late** 20:11
**law** 5:25 26:9
**laws** 24:10 25:7
**length** 2:17
**Leschuck** 1:15
3:6 18:24 19:1
19:13,14 20:3,4

21:16 22:7,12
23:6,8 26:11,12
**letters** 20:10
**Lexapro** 5:7,10
**line** 19:17 22:11
**lines** 18:19
**Lisa** 1:15
**little** 4:13
**LLC** 13:1
**local** 24:10 25:7
**location** 25:10
**look** 22:21
**lot** 23:3

**M**

**mail** 8:25 9:13
12:23
**mails** 9:17
**maintain** 24:12
24:15,19 25:8
25:12
**making** 6:3 23:5
**man** 22:24
**manner** 9:21 11:3
11:8 12:21
14:12
**March** 1:5 9:9
**Marshals** 24:3
**matter** 2:3 3:2
5:16,18 6:17 8:9
12:23 18:18,20
18:21 23:10
24:25 27:5
**matters** 2:17 26:6
26:10
**maximum** 7:13
8:10 9:24 10:15
11:14 13:8,24
14:21 15:9
**means** 9:15,21
11:3,9 12:20,21
14:10,12,13
**medication** 4:10
**medications** 5:3
**meet** 5:23 24:23
25:17
**mental** 4:4 8:17
**merits** 7:6
**messages** 22:13
**met** 20:14
**Michael** 1:6 2:3
9:11 10:23 11:4
12:17 13:5 14:8
15:18 17:5,9
18:17
**microphone** 4:14
**Mis** 3:22
**moment** 24:1

26:7
**monetary** 11:1
**money** 9:14 12:19
14:10
**mother** 24:15
**motions** 26:8
**move** 24:16 25:10

**N**

**nature** 7:19 10:9
11:24 12:2,14
13:19
**necessary** 7:22
20:16 23:5 24:2
24:6 26:4
**need** 3:7 5:17
26:6,10
**never** 11:7
**nine** 16:13 18:1
19:9
**nolo** 8:17
**note** 2:5,9 20:10
20:17
**number** 2:5 25:9
**numbered** 12:25
**Numbers** 2:5

**O**

**oath** 6:11
**obey** 24:10 25:6
**obligation** 5:21
**obligations** 20:14
**obtain** 6:24 9:14
24:25 25:19
**obtaining** 12:19
14:10
**occur** 3:16
**occurred** 11:7,9
**occurring** 3:7
**Office** 1:16 24:9
24:22 25:6,15
**officer** 21:1,2,7
25:11
**Official** 1:22 27:2
27:7
**Okay** 5:9
**open** 19:15 22:11
**opposed** 3:10
7:16 8:3
**order** 19:24,25
**outside** 23:24
24:20 25:13
**o'clock** 19:9
**O.R** 20:9

**P**

**page** 11:10
**pages** 9:2

**paid** 9:4,5 11:6
**paperwork** 26:4
**Paragraphs** 9:1
9:22 11:10
**passport** 21:22
22:18 24:24,25
25:18,20
**passports** 20:17
20:18
**Paul** 1:7 2:4 7:19
9:10 10:23 11:5
12:17 13:4 14:8
15:19 17:4
**payable** 13:1
**penalties** 7:13
8:10 10:5,15
11:19 12:4
13:13,25 14:25
15:10
**penalty** 9:24
11:14 13:8
14:21
**pending** 24:17
25:1,20
**period** 10:1 11:16
13:10 14:23
**permission** 24:17
24:21 25:11,14
**permitted** 19:18
**person** 3:10
**personal** 13:5
**Phillip** 21:12
**phone** 25:9
**physical** 4:4
**physician** 4:10
**placed** 12:23
**Plaintiff** 1:4
**Plake** 1:6,6,18 2:3
2:10 3:9,12,17
3:18,22,25 4:5,6
4:10,11,15,20,22
4:25 5:1,4,5 6:6
6:7,12,13 7:2,3
7:9,10 8:6,7,21
8:22 9:5,11
10:12,13,18,19
10:24 11:4,6
12:1,3,7,8,17
13:1,22,23 14:3
14:4,8,17 15:7,8
15:12,13 17:5,9
17:11,13,15,17
17:19,21,23,25
18:2,4,6,8,10,12
18:14,17 20:7
20:24 22:5,17
22:23 23:13
25:3

**Plake's** 13:5
**plead** 15:20,23
16:1 17:10
**pleas** 2:21 8:13
8:14,16 15:15
17:2,6 18:15
**please** 4:18 7:18
**portion** 11:3
**portions** 12:21
14:12
**position** 19:13,14
20:2,7
**possess** 25:1,21
**potential** 7:13
8:10 9:24 10:4
10:14 11:14
13:8,24 14:21
15:9
**Powell** 9:4,16,16
12:24 14:18
**power** 6:23
**PR** 23:20 24:7
26:4
**preindictment**
22:8
**preliminary** 3:2
**prepared** 15:15
17:6 21:22
**prescription** 4:10
**presence** 2:6,9
**present** 2:7 3:4
3:10 6:3,20
20:13
**pretenses** 9:15
12:20 14:11
**pretrial** 20:5 21:1
23:20 24:17
25:4,8,11
**prevent** 4:4
**prior** 24:17,21
25:11,14
**proba** 21:1
**probation** 21:1,7
22:12,20
**Probation/Pre...**
24:9,22 25:6,15
**problem** 23:4
**problems** 4:17
**procedure** 26:9
**proceedings** 2:1
2:14 3:8,16 5:17
23:14 24:23
25:16 26:20
27:5
**proceeds** 11:5
**process** 6:23
**program** 23:3
**promises** 9:16

12:21 14:11
**property** 11:2
  12:19 **prove**
  5:19
**provide** 5:21 25:8
  26:7
**provided** 26:4
**purchase** 25:1,21
**purpose** 2:13 8:8
**purposes** 8:15
  12:18 14:8
**put** 20:22
**PVHC** 11:6
**p.m** 1:5,5 2:1
  26:20
**P.O** 1:16,18,20

———————
**Q**
**questions** 6:1

———————
**R**
**R** 24:13
**read** 12:13
**reading** 7:16 8:3
**realtime** 3:3,7,10
  3:16
**reasonable** 5:20
**reasons** 8:17
**received** 24:21
  25:14
**recess** 26:18,19
**recommend** 21:3
**recommendati...**
  21:10,14,16
  22:4
**recommendati...**
  21:3,6,11,25
  22:2
**recommended**
  20:6
**record** 8:15 27:5
**recruiting** 11:6,7
**redundant** 22:8
**refuses** 6:22
**regarding** 19:19
  20:2 21:10,24
  22:5 26:8
**regards** 22:17
**release** 10:3
  11:18 13:12
  14:24 20:6 22:1
  22:23,24 23:11
  23:16 25:23
**released** 20:8
  23:17,19
**religious** 23:2,2
**reluctant** 6:22
**remain** 5:24

**rendered** 7:5
**report** 20:5 24:9
  25:5 **Reported**
  1:22 **Reporter**
  1:22
  27:1,3,7
**representations**
  9:15 12:20
  14:11
**require** 23:18,19
  24:14 25:3
**required** 18:20
  24:4,8 25:16
**requirements**
  18:25
**reside** 20:20 24:1
**residence** 24:15
  24:16 25:8,10
**resides** 23:1
**respect** 5:17 22:4
  23:16,23 24:12
  24:14 25:3
**respective** 2:20
**responsibilities**
  23:4
**retained** 22:11
**retired** 27:2,7
**retrieve** 24:4
**returned** 11:4
**review** 8:9 23:9
**right** 2:2,13 3:1,2
  3:9,11,13,15,21
  4:23 5:1,12,15
  5:24 6:8,12,16
  6:17,20 7:4,4,5
  7:7,11,23 8:1,8
  8:23 11:23
  13:17,18 14:5
  19:3,12,19,24
  21:5,9 22:3 23:6
  23:9 26:17
**rights** 5:16 6:4,25
**rise** 26:19
**risk** 22:16
**Robert** 1:20
**Room** 1:23
**Rule** 19:25
**rules** 26:9

———————
**S**
**S** 27:6
**safety** 23:14
**scheme** 9:4,6,14
  9:17 12:18 14:9
**SCOTT** 1:11
**Sean** 1:18 2:10
**seats** 2:20
**Section** 9:23 11:8

11:13 12:11
  13:7 14:20
  23:12 25:23
**Sections** 9:20
**seek** 24:19 25:12
**sent** 13:2 20:10
**September** 9:9
  10:22 14:6
**Service** 24:3
**services** 20:5
  21:2 24:9,18,22
  25:6,8,15
**session** 2:2
**set** 5:20 9:1 11:9
  12:12,15 15:5
  18:18,21 20:22
**setting** 18:23
  19:4
**Seven** 16:9 17:22
**sic** 14:15
**signals** 14:15
**signs** 14:15
**silent** 5:24
**sir** 3:25 4:2,8 5:7
  5:14 6:5 7:1
  10:6,11,17 12:6
  14:2 15:17
  19:11,23
**situation** 21:18
**Six** 9:1 16:7 17:20
**SKAVDAHL** 1:11
**sorry** 4:13,18 5:5
  13:16 15:18
**sounds** 14:15
**South** 1:23
**special** 10:1
  11:16 13:10
  14:23
**speedy** 18:19,23
  18:25 19:1
**stand** 26:18,19
**state** 20:20 22:25
  24:10,20 25:7
**stated** 11:20 15:1
**statements** 6:1,3
**States** 1:1,3,11,16
  2:3,4 3:6 5:19
  5:22 6:19 9:19
  9:23 11:8,13
  12:11 13:7
  14:20 19:13,14
  20:2 22:5,10
  23:12 25:5,13
  27:3
**stay** 2:20
**stop** 6:2
**subject** 23:20
**submission** 6:10

**subpoena** 6:24
**Subsection** 22:22
**subsequently**
  13:4
**substance** 3:24
**suffering** 4:3
**summarize** 7:15
  7:22 8:3 9:3
**summarized** 9:7
  9:21
**summary** 8:2
  12:13
**summons** 22:18
**supervised** 10:3
  11:18 13:12
  14:24
**supervision**
  23:18,20 25:4
  25:11
**surrender** 20:18
  21:23 24:24
  25:18

———————
**T**
**take** 5:7
**taken** 21:20 22:16
**target** 20:10
**ten** 11:14 16:15
  18:3
**terms** 23:11,22
**testify** 6:22
**testimony** 6:24
**Thank** 7:23 21:7
  22:3 23:8 26:12
  26:17
**thereon** 12:24
**things** 2:18
**think** 21:17,20
  24:6,6
**Thirteen** 16:21
  18:9
**three** 10:2 11:17
  12:9,14 13:11
  13:14,20 14:1
  14:24 15:25
  17:14
**time** 6:2 7:11
  15:14 17:7
  18:19,23 19:4,4
  19:8 21:4,6 23:1
  26:11,18
**times** 5:19
**Tipton** 24:16
**Title** 9:19,23
  11:12 12:11
  13:7 14:19
  23:12 25:23
**today** 3:16 7:21

19:16 20:9,14
  20:18 21:2
  22:18
**today's** 2:13
**transactions** 11:1
**transcript** 1:10
  27:4
**transcripts** 19:18
  20:1
**transmitted**
  14:13
**travel** 20:19
  21:24 24:20
  25:13
**trial** 6:16,17,23,25
  18:18,19,20,21
  18:23,25 19:1,4
**try** 2:17
**turn** 7:11 22:19
**Turning** 8:23
  10:20 12:9 14:5
  17:5
**Twelve** 16:19
  18:7
**two** 4:11,15,18
  10:20,20 11:24
  12:5,22 14:12
  15:22 17:12
  22:16,24,24
**typical** 23:23

———————
**U**
**unable** 6:9
**understand** 3:9
  3:11,13 4:24
  5:13,18 6:4,12
  6:25 7:7,18 8:19
  10:9,14 11:24
  12:1,5 13:19,24
  15:4,9 24:5,15
**understanding**
  4:5 7:12 8:12,14
**understands** 7:19
  7:20
**United** 1:1,3,11
  1:16 2:3,4 3:6
  5:19,22 6:19
  9:19,23 11:8,13
  12:11 13:7
  14:20 19:13,14
  20:2 22:5,10
  23:12 25:5 27:3
**unlawfully** 9:12
  10:24
**unsecured** 21:15
  21:17,17 23:19
**use** 9:4,17 13:5

        25:1,20
**usual** 20:23
**U.S** 1:23 24:9,22
        25:15
**U.S.C** 22:22

_____ **V** _____
**Valley** 9:4,16
        12:24 14:18
**value** 11:2
**various** 13:2
        20:12
**verified** 6:11
**verify** 2:21 3:21
        5:18 7:12 8:9
        25:9
**verifying** 8:12
**versus** 2:3,4
**video** 2:19 3:3,7,8
        3:11,16
**Videoconference**
        1:14
**violate** 24:11 25:7
**violation** 9:19,23
        11:7,12 12:11
        13:6 14:19
**VS** 1:5

_____ **W** _____
**W** 1:11,20
**waive** 3:15
**want** 7:11 22:8,19
**weapon** 25:21
**weapons** 25:2
**week** 22:13
**We'll** 26:17
**we're** 2:19 4:17
        7:20 21:22,25
**We've** 5:9 22:11
**wire** 8:25 9:13,18
        14:14,16
**witness** 6:22
**witnesses** 6:19
        6:21,24
**Wolcott** 1:23
**works** 23:1
**wrong** 15:19
**Wyoming** 1:1,6
        1:14,17,19,21,24
        2:15 9:10,16
        10:22 12:16
        14:7,15 20:20
        23:24,25 24:21
        25:13,19 27:4

_____ **Y** _____
**years** 9:25 10:2
        11:14,17 13:8

        13:11 14:21,24
**young** 22:25

_____ **$** _____
**$10,000** 11:2
**$706,000** 11:5
**$847,884** 9:5

_____ **0** _____
**09.02.15** 27:6

_____ **1** _____
**1** 9:2,22 11:10
**100,000** 24:6
**100,000-dollar**
        20:9 21:16
**100-dollar** 10:1
        11:16 13:10
        14:22
**111** 1:23
**12-CR-81** 2:5
**12-CR-81-SWS**
        1:4
**1341** 9:20 12:11
        13:7
**1343** 9:20 14:20
**1349** 9:23
**15** 2:16
**16** 19:25
**18** 9:19,23 11:8
        11:12 12:11
        13:7 14:19
        22:22 23:12
        25:23
**1956(h)** 11:13
**1957** 11:8

_____ **2** _____
**2** 9:2
**20** 9:24 13:8
        14:21 26:7
**20,000** 23:22
        24:5
**20,000-dollar**
        21:15,17
**2011** 9:9,9 10:21
        10:22 14:7
**2012** 1:5 18:21
        20:12
**217** 1:23
**25** 14:6
**250,000-dollar**
        9:25 11:15 13:9
        14:22
**27** 1:5

_____ **3** _____
**3:42** 1:5 2:1

**3018** 1:18
**31** 22:21
**3142** 22:22 23:12
        25:23

_____ **4** _____
**4** 11:10 18:21
**4th** 18:22
**4:15** 1:5 26:20
**40-some-year-...**
        22:24
**4199** 1:20

_____ **5** _____
**5** 11:10
**5th** 19:2
**50,000** 23:19
        24:6 25:4

_____ **6** _____
**668** 1:16

_____ **7** _____
**7** 9:22

_____ **8** _____
**8:30** 18:22 19:10
        19:11
**82003** 1:17
**82009** 1:19
**82601** 1:24
**83001-4199** 1:21